Case 4:22-cv-01064 Document 59 Filed on 09/30/24 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
September 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NEWPARK DRILLING FLUIDS LLC, § | |
| § | |
| *Plaintiff,* § | |
| v. § | CIVIL ACTION NO. 4:22-cv-1064 |
| § | |
| DIRKTHOMAS SOLUTIONS LLC, § | |
| § | |
| *Defendants.* § | |
| § | |

## ORDER

Pending before the Court is Plaintiff/Cross-Defendant Newpark Drilling Fluids, LLC's ("Plaintiff" or "Newpark") Motion for Summary Judgment. (Doc. No. 32). Defendant/Cross-Plaintiff DirkThomas Solutions, LLC ("Defendant" or "DirkThomas") filed a response in opposition. (Doc. No 35). Newpark replied. (Doc. No. 37). After holding a hearing on the motion, considering the applicable law, and examining the competent summary judgment evidence, the Court hereby GRANTS Plaintiff's Motion for Summary Judgment. (Doc. No. 32).

### I. Background

This is a commercial dispute involving a certain friction reducer ("FR") used in oil and gas production. In early 2021, Newpark and DirkThomas began informal communications regarding DirkThomas's intent to purchase FR from Newpark. DirkThomas intended to then resell the FR to its customer Apex Energy, LLC ("Apex"). (Doc. No. 32, Ex. E at 70:6-9; 76:5-77:24; 91:12-20; 107:20-25; Ex. G at 83:23-84:3). FR is a stimulation fluid, or fracking fluid, used after a well is drilled. (Doc. No. 32, Ex. A at 10:7-19). As its name implies, it reduces the friction between fluids being pumped "downhole" and the pipe wall. (Doc. No. 32, Ex. I at 11:17-13:5).

1

In these initial conversations, DirkThomas communicated to Newpark that it had a contract with Apex to provide FR for use in the northeast, specifically western Pennsylvania. The written agreement between DirkThomas and Apex is contained in a one-page letter that states:

> Apex agrees that it will utilize [DirkThomas] as the supplier of its hydraulic fracturing chemicals required for all of its drilling and completions operations through calendar year 2021. This commitment is subject to the limitation that [DirkThomas] offers such chemicals at competitive market prices, not greater than 10% of the list price available to Apex Energy through other commercial vendors, and that [DirkThomas] promptly supply the chemicals under the normal commercial availability as offered to other customers of [DirkThomas].

(Doc. No. 32, Ex. J).

Over the next few months, Newpark and DirkThomas communicated regularly via phone and email regarding DirkThomas's proposed business with Apex to provide FR and other chemicals on its northeast projects. In these discussions, Newpark made recommendations to DirkThomas about which FR would be best suited for the Apex wells based on information provided to it by DirkThomas. (Doc. No. 32, Ex. G at 49:21-23). Ultimately, Newpark recommended its product NewStim FR 756. *See* (Doc. No. 32, Ex. G at 49:21-50:6). Newpark agreed to sell NewStim FR 756 to DirkThomas at a price of $7.36 per gallon. DirkThomas then created a Purchase Order memorializing the agreement, which is reproduced in pertinent part below:

| Quantity | Description | Unit Price | Total |
|---|---|---|---|
| 23,455 gal | NewCide 669 | $ 7.03/gal | $ 164,888.65 |
| 23,455 gal | NewStim SI 595 | $3.28/gal | $ 76,932.40 |
| 44,911 gal | NewStim FR 756 | $ 7.36/gal | $330,544.96 |
| | | | |
| | The above quantities while accurate are best estimates, based | | |
| | upon a six-well completion project spanning 3 well pads w/ 2 wells per | | |
| | pad with 285 total stages with average pump down bbls of 250/stage | | |
| | and 7,500 stage bbls. The recommended concentrations for NewCide | | |
| | 669 and NewStim SI 595 are 0.25 gpt, and NewStim FR 756 is 0.50 gpt. | | |
| | These concentrations and bbl volumes are subject to change based | | |
| | upon conditions and formation, with an equal likelihood of upward | Subtotal | $ 572,366.01 |
| | As downward adjustment. Anticipated start date of 06/02/2021. | Tax | |
| | Prices are all inclusive. Refer to Newpark proposal, with exception of | Shipping | |
| | NewStim SI 595 at $3.28/gal. | Total | $572,366.01 |

(Doc. No. 32, Ex. K).

Based on the information drawn from the Purchase Order above, Newpark caused the FR to be delivered to Apex at DirkThomas's direction. (Doc. No. 32, Ex. F at 109:4-17). Newpark charged and invoiced DirkThomas for the FR delivered to Apex. (Doc. No. 32, Ex. S).

This case arises because DirkThomas did not pay Newpark for all the FR delivered and consumed by Apex. (Doc. No. 8 at 3). This is true despite the fact that Apex paid DirkThomas for all the FR it used. (Doc. No. 32, Ex. H at 77:11-13; Ex. M at 1-7). In total, DirkThomas paid less than 20 percent of the amount owed to Newpark for the FR. (*See* Doc. No. 32, Ex. S). Its reason for non-payment was it claimed that the FR was defective. (*See* Doc. No. 35 at 22.)

Newpark initiated this lawsuit in state court alleging two causes of action: (1) Suit on Sworn Account and (2) Breach of Contract. DirkThomas subsequently removed the action. In its answer, DirkThomas raised the affirmative defenses of (1) accord and satisfaction, (2) lack of consideration, (3) fraud, (4) setoff, and (5) performance is excused by Newpark's breach of contract. It also brought counterclaims for (1) breach of contract and (2) violation of the Texas Deceptive Trade Practices Consumer Protection Act.

For the reasons set out below, the Court grants summary judgment for Plaintiff Newpark on its claim for suit on sworn account. All other claims, counterclaims, and defenses remain to be tried.

## II.     Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes

3

demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III.  Analysis

The elements of an action on account under Texas common law are (1) there was a sale and delivery of merchandise, (2) that the amount of the account is just, that is, that the prices are charged in accordance with an agreement or in the absence of an agreement, they are usual, customary and reasonable prices for that merchandise; and (3) that the amount is unpaid." *ABB, Inc. v. Pena*, Civ. A. No. L–10–83, 2011 WL 906651 (S.D. Tex. Mar. 5, 2011), citing *Hose Pro Connectors, Inc. v. Parker Hannifin Corp.*, 889 S.W.2d 555, 558 (Tex. App.—Houston [14th Cir.] 1994, no writ).

4

While this case is pending in federal court, the Court notes initially that Texas Rule of Civil Procedure 185, "Suit on Account," establishes a means of making a prima facie claim for a suit on account:

> When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall file a written denial, under oath. A party resisting such sworn claim shall comply with the rules of pleading as are required in any other kind of suit, provided, however, that if he does not timely file a written denial under oath, he shall not be permitted to deny the claim, or any other item therein, as the case may be. No particularization or description of the nature of the component parts of the account or claim is necessary unless the trial court sustains special exceptions to the pleadings.

Newpark's motion follows the prescription of Rule 185. With respect to the evidence necessary to make a prima facie case, however, Rule 185 is a procedural rule, not a rule of substantive law. *Sneed Shipbuilding, Inc. v. Spanier Marine Corp.*, 125 F.R.D. 438, 443–44 (E.D. Tex. 1989), citing *Rizk v. Financial Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862 (Tex. 1979).

In a diversity jurisdiction case, such as the instant action, federal courts apply state substantive law, but federal procedural law, and thus Rule 185 is not binding on federal courts. *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003); *See also Sneed Shipbuilding, Inc.*, 125 F.R.D. at 438 (holding that Fed. R. of Civ. P. 11 interpreting attorney's or party's signature to be certification that the pleading is grounded in law or fact or on colorable argument for changing law, displaced Tex. R. of Civ. P. 185 requiring verified denial in defendant's answer to challenge accuracy of plaintiff's accounting). Thus, this case is controlled by the summary judgment standards set out in Federal Rule of Civil Procedure 56. That rule determines if Newpark

5

has established the elements of its claim of suit on sworn account. *ABB, Inc.*, 2011 WL 906651 at *2.

The undisputed summary judgment record demonstrates (i) Newpark sold FR to DirkThomas; (ii) Newpark charged DirkThomas for the FR delivered pursuant to the parties' agreement; (iii) the FR was in fact delivered to Apex at DirkThomas's request; and (iv) the amount for the FR products consumed—as invoiced—remains unpaid, minus the payment of $50,883.73 that the parties agree was paid. (Doc. No. 32, Ex. S; Ex. F at 109:4-17; Ex. M; Doc. No. 27 at 4-24).

DirkThomas has offered no evidence that would raise a genuine issue of material fact as to any of these elements. Instead, DirkThomas's response to Newpark's motion for summary judgment focuses solely on DirkThomas's affirmative defenses, rather than contending Newpark had not met its summary judgment burden on its claim. Moreover, DirkThomas admits that it paid Newpark $50,883.73 for goods purchased pursuant to the Purchase Order attached as Exhibit S and that it has not paid Newpark more than that amount for those goods. (Doc. No. 8 at 3). In fact, DirkThomas cites Newpark's motion for summary judgment in agreement that it paid Newpark for the first delivery but did not pay for the remaining deliveries. (Doc. No. 35 at 21-22). As such, DirkThomas owes Newpark the outstanding balance of $292,787.08. (Doc. No. 32 at 12; Ex. S; Doc. No. 35 at 22).

In light of the above, the Court grants summary judgment for Plaintiff Newpark on its claim for suit on sworn account.

## IV. Conclusion

For the reasons above, the Court hereby **GRANTS** Newpark's Motion. (Doc. No. 32). Newpark is granted summary judgment as to its claim for suit on sworn account in the amount of $292,787.08.

The Court was going to try the defenses raised by DirkThomas as to the quality of the FR. It, however, did not appear at the Final Pretrial Conference as ordered. Consequently, this Court dismissed these defenses for want of prosecution. Having done so, the Court will issue a final judgment that is commensurate with this order. As such, any motions pending before the Court in this matter that are not addressed in this order are hereby **denied**.

SIGNED at this 30 day of September, 2024.

Andrew S. Hanen
United States District Judge